UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY C. BONTEMPS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>C/O CALLISON,<br><br>　　　　　　Defendant. | No. 2:13-cv-0360 KJM AC P<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  The complaint was filed on February 22, 2013.  ECF No. 1.  On March 5, 2013, plaintiff filed an in forma pauperis affidavit.  ECF No. 6.  By order filed on May 1, 2013, the undersigned granted plaintiff's request to proceed in forma pauperis and ordered service of the complaint upon defendant Correctional Officer (C/O) Callison.  ECF No. 6.

　　　　Now pending before the court is defendants' August 6, 2013 motion to revoke plaintiff's in forma pauperis status and to dismiss this action on the ground that plaintiff is a "three strikes" inmate under 28 U.S.C. § 1915(g).  ECF No. 15.  The motion is fully briefed.  For the reasons set forth below, the undersigned will recommend that plaintiff's in forma pauperis status be revoked and that he be ordered to pay the filing fee in full at this time or face dismissal of this action.

I.　　Motion to Revoke

　　　　28 U.S.C. § 1915 permits any court of the United States to authorize the commencement

1

and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In forma pauperis status may be acquired and lost during the course of litigation. Stehouwer v. Hennessey, 841 F.Supp. 316, 321 (N.D. Cal., 1994), vacated on other grounds by Olivares v. Marshall, 59 F.3d 109 (9th Cir. 1995). The plain language of the statute (§ 1915(g)) makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999). 28 U.S.C. § 1915(g) should be used to deny a prisoner's in forma pauperis status only upon a determination that each action reviewed (as a potential strike) is carefully evaluated to determine that it was dismissed as frivolous, malicious or for failure to state a claim. Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). Defendant has the burden to "produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions . . . dismissed because they were 'frivolous, malicious or fail[ed] to state a claim.'" Id., at 1120 (quoting § 1915(g)). Once defendants meet their initial burden, it is plaintiff's burden to explain why a prior dismissal should not count as a strike. Id. If the plaintiff fails to meet that burden, plaintiff's IFP status should be revoked under § 1915(g). Id.

In Silva v. Di Vittorio, 658 F.3d 1090, 1098-99 (9th Cir. 2011), the Ninth Circuit found that "a dismissal must be final before it counts as a 'strike' for § 1915(g) purposes." Thus, "a district court's dismissal of a case does not count as a 'strike' under § 1915(g) until the litigant has exhausted or waived his opportunity to appeal. This means a dismissal ripens into a 'strike' for § 1915(g) purposes on the date of the Supreme Court's denial or dismissal of a petition for

1 writ of certiorari, if the prisoner filed one, or from the date when the time to file a petition for writ
2 of certiorari expired, if he did not." Id. at 1100 (internal quotation omitted).  "If a prisoner does
3 not appeal a dismissal, the dismissal counts as a 'strike' from the date when his time to file a
4 direct appeal expired." Id., n.6.

5 II.     Discussion

6 Defendants contend in their motion that plaintiff's litigation history shows that he has at
7 least five prior strikes.  Per defendants' request, the undersigned takes judicial notice of the
8 following cases:[1]

9 1. Bontemps v. Kramer, No. 2:06-cv-2483 JAM GGH (E.D. Cal.).  On November 8,
10 2006, plaintiff filed a pro se civil rights complaint against correctional staff and, two weeks later,
11 a purported amended complaint.  ECF No. 15-2 at 7-10.  In his screening order, the Magistrate
12 Judge found that "plaintiff has set forth no factual allegations supporting a claim of a violation of
13 plaintiff's rights . . . and names no individual who has personally subjected him to"
14 unconstitutional conditions.  ECF No 15-2 at 15.  As plaintiff failed to state a cognizable claim
15 for relief, his complaints were dismissed with leave to amend.  Id., at 12-17.  On December 22,
16 2008, the action was dismissed for failure to timely file an amended complaint.  Id., at 18-22.

17 2. Bontemps v. Kramer, No. 2:06-cv-2580 GEB GGH (E.D. Cal.).  On November 17,
18 2006, while the above action was pending, plaintiff filed a pro se civil rights complaint against a
19 correctional officer and a prison warden.  ECF No. 15-2 at 24-28.  In the screening order, the
20 Magistrate Judge found that plaintiff's allegations were "insufficient" to comply with the notice
21 requirement of Rule 8 of the Federal Rules of Civil Procedure; that plaintiff made no allegations
22 at all against the warden; and that plaintiff's "conclusory" allegations against the correctional
23 officer failed to state a constitutional claim.  ECF No. 15-2 at 29-34.  As plaintiff failed to state a
24 cognizable claim for relief, his complaint was dismissed with leave to amend.  Id.  On August 30,
25 2007, the action was dismissed for failure to timely file an amended complaint.  Id., at 35-39.

26 3. Bontemps v. Gray, No. 2:07-cv-0710 MCE CMK (E.D. Cal.).  On April 16, 2007,

27
28 [1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1  while the above action was pending, plaintiff filed a pro se civil rights complaint challenging
2  prison officials' failure to file a staff complaint submitted by plaintiff. ECF No. 15-2 at 41-44. In
3  the screening order, the Magistrate Judge concluded that plaintiff "fails to state a claim under the
4  civil rights act, for there is no constitutional right to a prison grievance process." Id., at 47. As
5  plaintiff failed to state a cognizable claim for relief, his complaint was dismissed with leave to
6  amend. Id., at 45-48. On July 5, 2007, when plaintiff failed to timely file an amended complaint,
7  the action was "dismissed for lack of prosecution and failure to comply with court rules and
8  orders." Id., at 49-53.

9      4. Bontemps v. Lee, No. 2:12-cv-0771 KJN P (E.D. Cal.). On March 26, 2012, plaintiff
10 filed a pro se civil rights complaint, followed by a first amended complaint appearing to allege
11 deliberate indifference to a serious medical condition. ECF No. 15-2 at 55-69. The two
12 complaints were dismissed as, inter alia, vague, conclusory and not in conformity with Fed. R.
13 Civ. P. 8(a)(2). Id., at 61-69. Plaintiff was granted leave to file a second amended complaint. Id.
14 Plaintiff then filed a second and third amended complaint; the court screened the superseding
15 third amended complaint, finding that it failed to "conform to accepted pleading standards . . . .,"
16 noting also that it appeared that plaintiff had failed to exhaust administrative remedies. Id. at 71-
17 74. In addition, the Magistrate Judge found that plaintiff had failed "to allege the requisite
18 elements of a deliberate indifference claim." Id. Plaintiff was once again granted leave to amend.
19 Id. The fourth amended complaint was dismissed on January 31, 2013 without further leave to
20 amend, the court finding that plaintiff had therein framed "no potentially cognizable claim against
21 any named defendant . . . ." Id., at 77-84.[2]

22     The fifth action identified by defendants as constituting a strike, Bontemps v. Acquino,
23 No. 2:12-cv-2406 EFB (E.D. Cal.), although ultimately dismissed for failure to state a claim and
24 without further leave to amend on July 9, 2013, is not relevant to the analysis because the
25 dismissal occurred subsequent to the filing of the instant complaint. Id. at 98-102.
26     In addition to these eastern District cases, defendants document thirteen pro se prisoner

27
28 [2] According to the case docket, no appeal was filed and the time for doing so has long since expired. See Fed. R. App. P. 4(a).

4

actions that plaintiff filed in the Northern District of California in 1994 and 1995, all of which were dismissed before he filed the instant action. ECF No. 15-1 at 4-6; ECF No. 15-2 at 105-129; ECF No. 15-3 at 1-9. In four of those cases, the district court denied plaintiff's application to proceed in forma pauperis. ECF No. 15-2 at 115, 117, 122, 127.

"[A] dismissal without prejudice counts as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim." O'Neal v. Price, 531 F.3d 1146, 1154 (9th Cir. 2008) (internal citation and quotation marks omitted). The court has evaluated the orders dismissing the four preceding cases and "other relevant information," as prescribed by the Ninth Circuit, and has determined that in each case, while the language of the final orders of dismissal did not precisely so state, the fundamental ground for dismissal was plaintiff's having "failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). A dismissal for failure to prosecute an action constitutes a strike when it is based upon the plaintiff's failure to file an amended complaint after the original complaint is dismissed for failure to state a claim. See, e.g., Peralta v. Martel, 2010 WL 2629060, *5 (E.D. Cal. 2010) (dismissal for failure to prosecute without prejudice for failure to file an amended complaint constituted a "strike" under § 1915(g) where it was "clear from the district court's reasoning that failure to state a claim was a fully sufficient condition for dismissing" the complaint).

In his opposition to defendants' motion to revoke his in forma pauperis status, plaintiff does not address defendants' contention that he has suffered at least four prior dismissals that constitute strikes. ECF No. 18. Instead, he appears to rely on the "imminent danger of serious physical injury exception" of § 1915(g).

The undersigned finds that the four cases discussed above constitute strikes. Accordingly, plaintiff is precluded from proceeding in forma pauperis in this action unless he is under imminent danger of serious physical injury. See 28 U.S.C. 1915(g); Canell v. Lightner, 143 F.3d 1210, 1212 (9th Cir. 1998). To meet the exception, plaintiff must have alleged facts that demonstrate that he was under imminent danger at the time of filing the complaint. See Andrews v. Cervantes, 493 F.3d 1047 (9th Cir. 2007) (recognizing the general consensus among federal courts that "[p]risoners qualify for the [imminent danger] exception based on the alleged

5

conditions at the time the complaint was filed).

Plaintiff alleges in his complaint that defendant Callison, while conducting a cell search on an unidentified date,[3] threw away plaintiff's prescription medications including his pills for high blood pressure. Plaintiff claims that C/O Callison, using wholly reprehensible racist terminology, stated "that's what happens to" black inmates who file staff complaints at High Desert State Prison. ECF No. 1 at 3. The court found that plaintiff stated a cognizable claim for relief against defendant Correctional Officer (C/O) Callison for (1) deliberate indifference in violation of the Eighth Amendment for allegedly disposing of plaintiff's medications, and (2) for allegedly acting against plaintiff in retaliation under the First Amendment for the filing of staff complaints. ECF No. 6 at 2.

In considering application of the "imminent danger" exception, the court must liberally construe the pro se prisoner's allegations and determine whether the complaint plausibly alleges that the prisoner faced "imminent danger of serious physical injury" at the time of filing. Andrews v. Cervantes, 493 F.3d at 1055. Plaintiff has alleged no facts, however, that suggest he was in imminent danger of serious physical injury.

In Andrews, the Ninth Circuit adopted the Eighth Circuit rule requiring the prisoner to allege "an ongoing danger" in order for the exception to apply. Id. at 1056. As an example of sufficient allegations, the court referenced Ciarpaglini v. Saini, 352 F.3d 328, 330-31 (7th Cir. 2003), in which, unlike the present case, it was alleged that medication the prisoner needed for a serious medical condition had been discontinued altogether. The Andrews court also relied on Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003), which states that the §1915(g) exception applies where there are "specific allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Id.

In this case, plaintiff has not alleged facts establishing a pattern of misconduct that was

---

[3] Plaintiff's recent submission of a third level administrative appeal denial regarding the incident at issue indicates that it occurred on February 13, 2013. ECF No. 20. This document, dated September 4, 2013, indicates that plaintiff's allegations, filed on February 22, 2013, would be subject to dismissal on the basis of plaintiff's having filed the complaint prior to having exhausted his claims administratively. See 42 U.S.C. § 1997e(a).

ongoing at the time the complaint was filed. The alleged racially-charged threats of retaliation, while deplorable, do not suggest that plaintiff was subjected to a long-term deprivation of his prescribed medications which could have caused serious medical complications.

Nor did the alleged act of retaliation pose an imminent threat of serious physical injury to plaintiff. In his opposition, plaintiff essentially reiterates the allegations of the complaint without demonstrating how he was under an imminent threat of serious physical injury from the cell search at the time he filed his complaint. Accordingly, the court finds that plaintiff is barred from proceeding in forma pauperis in this action and that his in forma pauperis status should be revoked.

As an alternative to a finding that plaintiff is barred under § 1915(g), defendants request a finding that plaintiff is an "abusive filer."[4] Defendants base this request on the many unsuccessful actions plaintiff has previously filed and the numerous other cases that defendants have identified as currently pending. Having determined that that plaintiff is barred by the "three strikes" provision of 28 U.S.C. § 1915(g), the court declines to consider this argument.

Defendants also request that the court impose sanctions against plaintiff for his false representations to this court concerning the number of prior lawsuits that he has filed as a prisoner. See Fed. R. Civ. P. 11(c), 41(b). Plaintiff simply indicated that he had filed "several" or "11" prior lawsuits while a prisoner. ECF No. 1 at 1. Defendants have, however, identified no less than thirty-one in the last nineteen years. ECF No. 15-1 at 14.[5] Defendants have not complied with the rules applicable to such a request, which require a separate motion for sanctions preceded by notice to plaintiff that sanctions would be sought unless he modified the allegedly false averment in his pleading. See Fed. R. Civ. P. 11(c)(2). Accordingly, the court will not recommend the imposition of sanctions against plaintiff at this time. Plaintiff is cautioned, however, that future misrepresentation may well subject him to sua sponte sanctions up to and including dismissal. See Chambers v. Nasco, Inc., 501 U.S. 32, 43-46 (1991); Combs

---

[4] Should defendants seek to have plaintiff be declared a "vexatious litigant," the appropriate procedure should be followed. See, e.g., Andrews v. Guzman, No. 2:04-cv-1107 JAM GGH P (Mar 9, 2009), 2009 WL 604943 (E.D. Cal.).

[5] See ECF Nos. 15-2 & 15-3 and appended exhibits.

1 v. Rockwell Intern. Corp., 927 F.2d 486, 488 (9th Cir. 1991).

2     Accordingly, IT IS HEREBY RECOMMENDED that:

3     1. Defendants' motion to revoke in pauperis status, ECF No. 15, be granted on the ground that plaintiff is barred from proceeding in this action under the "three strikes" provision of § 1915(g);

6     2. Plaintiff be directed to pay the $350 filing fee in full within thirty days of adoption of these findings and recommendations, should that occur;

8     3. This case be dismissed should plaintiff fail to pay the filing fee within the time prescribed.

10 These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 18, 2013

                                      */s/ Allison Claire*
                                      ALLISON CLAIRE
                                      UNITED STATES MAGISTRATE JUDGE