UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY C. BONTEMPS, | No. 2:13-cv-0360 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| C/O CALLISON, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 18, 2013, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty-one days.  Plaintiff has filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having carefully reviewed the file, the court declines to adopt the magistrate judge's findings and recommendations ("F&Rs").

The F&Rs recommend granting defendants' motion to revoke plaintiff's in forma pauperis ("IFP") status in light of the Prison Litigation Reform Act's "three strikes" provision.  That

1

provision disqualifies a prisoner from proceeding IFP if, on three or more prior occasions, a plaintiff "brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." 28 U.S.C. § 1915(g).  The magistrate judge found that plaintiff had four strikes: three for failure to timely file an amended complaint after a prior complaint had been dismissed for failure to state a claim, and one for failure to state a claim.  (F&Rs at 3–4.)

Dismissal for failure to file an amended complaint, or failure to prosecute, is not a "strike" because it does not fall within the plain language of 28 U.S.C. § 1915(g).  *Butler v. Dep't of Justice*, 492 F.3d 440, 443–44 (D.C. Cir. 2007); *see also Benyamini v. Ogbeide*, No. CIV S-10-0101 KJM, 2012 WL 4364329, at *1 (E.D. Cal. Sept. 21, 2012) (failure to prosecute is not a strike).  Failure to prosecute is not "frivolous," "malicious," or a failure to state a claim.  *Butler*, 492 F.3d at 443–44.  It is a disposition without regard to the merits of a claim.  *Id.* at 444.

That said, concerns about a prisoner's abusing his or her IFP status by filing actions and then abandoning them may be addressed through a court's discretionary authority to deny IFP status.  This authority derives from the statute itself, which provides "any court of the United States may authorize" IFP status, 28 U.S.C. § 1915(a), and from a court's general supervisory authority to manage its docket to "promote the interests of justice."  *Id.* at 444–45 (citation and quotations omitted).  In the instant case, the magistrate judge has identified five actions brought by plaintiff since 2006. This number is not abusive.  *Cf. id.* at 446 (finding plaintiff abusive and rescinding IFP status because he filed at least eight appeals in four years for a total of at least fifteen cases).

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed November 18, 2013, are not adopted; and

2. Defendants' motion to revoke in pauperis status (ECF 15) is denied.

DATE:  March 12, 2014.

_____
UNITED STATES DISTRICT JUDGE