UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY BONTEMPS, | Civ. No. S-13-0360 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| CALLISON, | |
| Defendant. | |

Defendant Callison seeks reconsideration of this court's order of March 12, 2014, which declined to adopt the magistrate judge's finding that plaintiff had "struck out" under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g) and the resulting recommendation that plaintiff's *in forma pauperis* (IFP) status be revoked and the case dismissed if plaintiff did not pay the filing fee in full.  ECF Nos. 22, 26, 27.  Plaintiff has not responded to the motion for reconsideration.  Under Local Rule 230(*l*), this motion was submitted on the pleadings and the court now DENIES it.

I.  BACKGROUND

On August 6, 2013, defendant filed a motion to revoke plaintiff's IFP status on the ground that he had three "strikes" within the meaning of the PLRA. ECF No. 15.  He argued that plaintiff had filed at least five actions that had been dismissed as frivolous or malicious or for failure to state a claim.  He also argued that plaintiff's lengthy litigation history showed that

1

plaintiff was an abusive litigant who has misrepresented his litigation history to the court. *Id.* at 1. Defendant speculated that more than five of plaintiff's prior actions had been dismissed as frivolous or malicious or for failing to state a claim but noted the documents were not available without paying to retrieve the case files from archives. *Id.* at 2.

Plaintiff filed an opposition to the motion, but did not directly address defendant's claims, a fact noted in defendant's reply. ECF Nos. 18 and 19.

On November 18, 2013, the magistrate judge recommended that defendant's motion be granted and plaintiff be given thirty days to pay the full filing fee. ECF No. 22. As relevant to the instant motion, the magistrate judge found that of plaintiff's prior actions, three in particular that were dismissed for failure to file amended complaints and failure to prosecute, were strikes because the underlying complaints had been dismissed for failure to state a claim, with leave to amend given. *Id.* at 3-5.

In the challenged order, the undersigned rejected the argument that the dismissals for failure to prosecute constituted strikes, concluding that dismissal for failure to file an amended complaint or failure to prosecute is not a strike because it does not fall within the plain language of § 1915(g). ECF No. 26 at 2.

II. STANDARD FOR A MOTION FOR RECONSIDERATION

"A district court's power to rescind, reconsider, or modify an interlocutory order is derived from the common law, not from the Federal Rules of Civil Procedure." *City of Los Angeles v. Santa Monica BayKeeper*, 254 F.3d 882, 886 (9th Cir. 2001); *McConnell v. Lassen Cnty.*, No. 2:05-cv-0909 FCD DAD, 2008 WL 4482853, at *2 (E.D. Cal. Oct. 3, 2008) ("Where reconsideration of a non-final order is sought, the court has 'inherent jurisdiction to modify, alter, or revoke it.'" (quoting *United States v. Martin*, 226 F.3d 1042, 1048-49 (9th Cir. 2000)). In addition, Federal Rule of Civil Procedure 54(b) authorizes courts to revise "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b); *Regents of Univ. of Calif. v. Bernzomatic,* No. 2:10-cv-1224 FCD GGH, 2011 WL 666912, at *2 (E.D. Cal. Feb. 11, 2011)

1  (relying on Rule 54 in deciding whether to reconsider the denial of summary judgment).
2  Reconsideration is appropriate where there has been an intervening change in controlling law,
3  new evidence has become available, or it is necessary to correct clear error or prevent manifest
4  injustice. *Cachil Dehe Band of Wintun Indians v. California*, 649 F. Supp. 2d 1063, 1069 (E.D.
5  Cal. 2009) (citing *School Dist. No. 1J Multnomah Cnty. v. AC&S Inc.,* 5 F.3d 1255, 1263 (9th
6  Cir. 1993)). Defendant here relies on the last premise, the need to correct error. A party should
7  "not use a motion for reconsideration to raise arguments or present new evidence for the first time
8  when it could reasonably have been raised earlier in the litigation," *id*., nor should the party "ask
9  the court to rethink matters already decided." *American Rivers v. NOAA Fisheries*, No. CV-04-
10 00061-RE, 2006 WL 1983178, at *2 (D. Or. Jul. 14, 2006) (citing *Motorola, Inc. v. J.B. Rodgers*
11 *Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003)).

12          Under Local Rule 230(j), the party moving for reconsideration must set forth:

> (1) when and to what [j]udge . . . the prior motion was made; (2) what ruling . . . was made thereon; (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and (4) why the facts or circumstances were not shown at the time of the prior motion.

17 L.R. 230(j). "To succeed, a party must set forth facts or law of a strongly convincing nature to
18 induce the court to reverse its prior decision." *Knight v. Rios*, No. 1:09–cv–00823–AWI–JLT
19 HC, 2010 WL 5200906, at *2 (E.D. Cal. Dec. 15, 2010).

20          While the court finds defendant has complied with the requirements for requesting
21 reconsideration, upon reconsideration the court declines to modify its prior decision.

22 III. ANALYSIS

23          The "three strikes" provision of the PLRA empowers a court to deny IFP status to
24 a litigant who has had three actions "dismissed on the grounds that [they are] frivolous, malicious,
25 or fail[] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). An action
26 meets this standard if it is "based on an indisputably meritless legal theory" or its "factual
27 contentions are clearly baseless. Examples of the former class are claims against which it is clear
28 /////

1  that the defendants are immune from suit and claims of infringement of a legal interest which
2  clearly does not exist." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (citation omitted).

3  　　　　　As noted, the undersigned determined that three out of a total four cases the
4  magistrate judge identified as strikes did not qualify because the actions were dismissed for
5  failure to amend or failure to prosecute.  ECF No. 26 at 2.  Defendant suggests the court reached
6  this conclusion in error by failing to cite what, in defendant's view, is the controlling case law.  It
7  cites to two district court cases that found dismissals for failure to prosecute were strikes because
8  the complaints had been dismissed as frivolous or failed to state a claim and the inmates had not
9  filed amended complaints.  *See Peralta v. Martel*, No. 2:08-cv-00530-HWG, 2010 WL 2629060
10 (E.D. Cal. June 25, 2010); *Ruff v. Ramirez*, No. 3:07-cv-00962-JLS-CAB, 2007 WL 4208286
11 (S.D. Cal. Nov. 28, 2007).  These district court cases are not controlling authority and, as
12 explained more fully below, this court does not agree with their reasoning.

13 　　　　　Defendant cites to the Ninth Circuit's decision in *O'Neal v. Price*, which held that
14 "when a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim]
15 is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a
16 complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal
17 as denial of the prisoner's application to file the action without prepayment of the full filing fee."
18 531 F.3d 1146, 1153 (9th Cir. 2008).  *O'Neal* does not directly answer the question raised here,
19 but it does instruct that the characterization of the dismissal is not controlling.

20 　　　　　Defendant also cites to *Andrews v. King*, which said that "§ 1915(g) should be
21 used to deny a prisoner's *IFP* status only when, after careful evaluation of the order dismissing an
22 action, and other relevant information, the district court determines that the action was dismissed
23 because it was frivolous, malicious or failed to state a claim."  398 F.3d 1113, 1121 (9th Cir.
24 2005).  *Andrews* similarly does not answer the exact question before the court.

25 　　　　　Defendant argues in essence that *O'Neal* and *Andrews*, read together, support the
26 results in *Ruff* and *Peralta*:  by considering the underlying order dismissing the complaint as part
27 of the relevant information, this court can find a failure-to-prosecute dismissal to be a strike
28 because of an earlier characterization of the complaint as frivolous, malicious, or failing to state a

claim.  Defendant's argument is supported, but by an unpublished memorandum decision he does not cite, which said that a district court "properly determined" a dismissal for failure to file an amended complaint was a strike when the original complaint had been dismissed for failure to state a claim.  *Baskett v. Quinn*, 225 F. App'x 639, 640 (9th Cir. 2007) (unpublished).  Although this case is not precedential, it does have persuasive value.  Ninth Circuit Rule 36-3(a) ("Unpublished dispositions and orders of the Court are not precedent . . . ."); *Nogales v. Beard*, Civil No. 11cv2146–BTM (BLM), 2013 WL 6419259, at *9 n.2 (S.D. Cal. Dec. 9, 2013).  Nevertheless, the court declines to follow it.

        The Ninth Circuit has said in a published decision that when a district court dismisses a complaint "it should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citation and internal quotation marks omitted).  Moreover, leave to amend "should be granted more liberally to *pro se* plaintiffs."  *Lira v. Herrera*, 427 F.3d 1164, 1176 (9th Cir. 2005).  By granting leave to amend, a court does not determine that the claims the prisoner attempts to raise can never go forward, but rather that the particular expression of those claims is inadequate.  By dismissing when the prisoner does not amend, a court does not necessarily determine that the prisoner's action, as opposed to the way the claims are pleaded in one document, is inadequate.  Given the Ninth Circuit's direction that a court should give leave to amend a claim that appears to be salvageable and its solicitude for *pro se* inmates, this court declines to find that an underlying order dismissing an ill-pleaded complaint, but giving leave to amend, converts a dismissal for failure to amend that complaint into a strike within the meaning of the PLRA.  *See Keeton v. Cox*, No. CIV S-06-1094, 2009 WL 650413, at *6 (E.D. Cal. Mar. 12, 2009), *recommendation adopted by* 2010 WL 1173073 (E.D. Cal. Mar. 23, 2010) (stating that a dismissal for failure to amend a complaint dismissed with leave to amend is not a strike because the underlying order recognized pleading defects were remediable).  In such a situation, the case might go forward despite the dismissals if amended complaints were filed.  *Cf. Thompson v. Drug Enforcement Admin.*, 492 F. 3d 428, 433 (D.C. Cir. 2007) (rejecting as "hypertechnical" the inmate's argument that dismissal of his appeal

1  for failure to file a motion for reconsideration of an order finding the appeal frivolous was not a
2  strike because "[b]ut for the judge declaring it frivolous, [the] appeal would have gone forward).
3  This court acknowledges the contrary rulings from some other district courts, but
4  in the absence of a precedential decision from the Ninth Circuit, declines to follow them.
5  IT IS THEREFORE ORDERED that defendant's motion for reconsideration, ECF
6  No. 27-1, is denied.
7  DATED:  May 15, 2014.

UNITED STATES DISTRICT JUDGE