UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY C. BONTEMPS,<br><br>    Plaintiff,<br><br>  v.<br><br>C/O CALLISON,<br><br>    Defendant. | No. 2:13-cv-0360 KJM AC P<br><br><br>FINDINGS AND RECOMMENDATIONS |

I. Introduction

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Presently pending is a motion to dismiss filed on behalf of the sole defendant, Correctional Officer Callison. For the reasons that follow, this court recommends that defendant's motion to dismiss be granted, and that this action be dismissed without prejudice.

II. Background

    In his one-paragraph statement of claim set forth in his form complaint, plaintiff alleges that defendant Callison, a correctional officer at High Desert State Prison, conducted a search of plaintiff's cell on an unspecified date and threw away plaintiff's prescription medications. The complaint alleges that Callison called plaintiff a "Nigger," and stated "that's what happens to Niggers who file staff complaints here." The complaint further alleges that Callison told plaintiff

that he "hated Black prisoners." ECF No. 1 at 3.

Pursuant to initial screening of the complaint under 28 U.S.C. § 1915A, this court found that the complaint stated an Eighth Amendment claim for deliberate indifference to plaintiff's serious medical needs and a First Amendment retaliation claim. ECF No. 6 at 2.

Thereafter, defendant moved to strike plaintiff's in forma pauperis status on the ground that plaintiff was designated a three-strikes litigant in other litigation. The court denied the motion, and denied defendant's motion for reconsideration on the matter. ECF Nos. 22, 26, 29.

On May 23, 2014, defendant filed the instant motion to dismiss. ECF No. 31. Plaintiff initially failed to respond. By order filed July 14, 2014, plaintiff was reminded of his obligation to file an opposition or statement of non-opposition to the motion, and was accorded an additional thirty days within which to do so. ECF No. 33. The court warned plaintiff that failure to timely file a proper response would result in the dismissal of this action pursuant to Rule 41(b), Federal Rules of Civil Procedure. ECF No. 33 at 2.

On July 23, 2014, plaintiff filed a "Declaration in Opposition to Defendant['s] Motion for Revoking Plaintiff's (IFP) Status Declaring Plaintiff a Three Strike[s] Litigant." ECF No. 34. Although docketed in error as an opposition to the motion to dismiss, this document addressed only the IFP issue. Plaintiff has filed no additional documents in this case. Defendant filed a reply on July 25, 2014. ECF No. 35.

Defendant initially moved to dismiss plaintiff's complaint on several grounds: (1) that plaintiff failed to exhaust his administrative remedies; (2) that the complaint fails to state a cognizable claim; (3) that the complaint fails to comply with Rule 8; and (4) that defendant is entitled to qualified immunity. In his reply, defendant also moves to dismiss this action due to plaintiff's failure to prosecute, as demonstrated by plaintiff's failure to provide a substantive response in opposition to defendant's motion.

The court recommends dismissal of this action based on plaintiff's failure to exhaust his administrative remedies and failure to prosecute, and does not reach the question whether plaintiff's complaint states a claim on which relief may be granted.

////

III.  Legal Standards

    A.  Dismissal for Failure to Exhaust Administrative Remedies

Dismissal of a prisoner civil rights action for failure to exhaust administrative remedies must generally be brought and decided pursuant to a motion for summary judgment under Rule 56, Federal Rules of Civil Procedure.  Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014).  The only exception is "[i]n the rare event that a failure to exhaust is clear on the face of the complaint, [when] a defendant may move for dismissal under Rule 12(b)(6)."  Id. at 1166; see also Jones v. Bock, 549 U.S. 199, 215 (2007).

The Prison Litigation Reform Act of 1995 (PLRA) mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Although "the PLRA's exhaustion requirement applies to all inmate suits about prison life," Porter v. Nussle, 534 U.S. 516, 532 (2002), the requirement for exhaustion under the PLRA is not absolute.  See Albino v. Baca, 697 F.3d 1023, 1030–31 (9th Cir. 2012).  As explicitly stated in the statute, "[t]he PLRA requires that an inmate exhaust only those administrative remedies 'as are available.'"  Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010) (quoting 42 U.S.C. § 1997e(a)); see also Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010) ("Remedies that rational inmates cannot be expected to use are not capable of accomplishing their purposes and so are not available.").  "We have recognized that the PLRA therefore does not require exhaustion when circumstances render administrative remedies 'effectively unavailable.'"  Sapp, 623 F.3d at 822 (citing Nunez, 591 F.3d at 1226); accord Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) ("The obligation to exhaust 'available' remedies persists as long as some remedy remains 'available.'  Once that is no longer the case, then there are no 'remedies . . . available,' and the prisoner need not further pursue the grievance.").

    B.  Dismissal for Failure to Prosecute

A court may dismiss an action based on a party's failure to prosecute an action or failure to comply with a court order.  See Rule 41(b), Federal Rules of Civil Procedure; see also Ferdik

3

1  v. Bonzelet, 963 F.2d 1258 (9th Cir. 1992).  In determining whether to dismiss a case for either of
2  these reasons, "the Court must weigh the following factors:  (1) the public's interest in
3  expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
4  prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the
5  public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639,
6  642 (9th Cir. 2002) (citing Ferdik, 963 F.2d at 1260-61.)

IV. Analysis

In completing his form complaint, plaintiff checked the "No" box in response to the question, "Have you filed a grievance concerning the facts relating to this complaint." ECF No. 1 at 2.  In the space provided for an explanation, plaintiff stated only "ADA issues." Id.  Plaintiff's answer indicates that he believes ADA claims are exempt from the requirement of administrative exhaustion.  However, this is not the case.  "[T]he plain language of § 1997e(a) and relevant Supreme Court authority require prisoners bringing ADA and Rehabilitation Act claims to exhaust those claims through available administrative remedies before filing suit." O'Guinn v. Lovelock Correctional Center, 502 F.3d 1056, 1062 (9th Cir. 2007).  Moreover, the allegations of plaintiff's complaint assert more than an arguable ADA claim concerning the confiscation of his medications – plaintiff's First and Eighth Amendment claims are not grounded in the ADA.  Therefore, plaintiff was required to administratively exhaust his claims before filing a complaint in this court.

Plaintiff's reference to "ADA issues" may also have been intended to assert disability as an explanation for his failure to file a grievance.  However, plaintiff provides no supporting detail and alleges no facts that indicate administrative remedies were unavailable to him.  After the instant motion alerted plaintiff to the fact that his failure to exhaust could result in dismissal, plaintiff failed to proffer any facts that might support an exception to the exhaustion requirement.

Because it is clear from the face of the complaint that plaintiff made no effort to pursue his claims through the administrative process, this is one of those rare cases in which dismissal for non-exhaustion is appropriate under Rule 12(b)(6). See Albino, 474 F.3d at 1166.

Plaintiff's failure to timely oppose the motion to dismiss, and his filing of a non-responsive "opposition" after he was cautioned that failure to oppose the motion would result in involuntary dismissal, might well warrant dismissal under Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with court orders. Because plaintiff did make an attempt to comply with the court's direction, however, and because the non-responsiveness of the "opposition" does not necessarily establish willful non-compliance, the undersigned will not recommend dismissal on that basis.

Nonetheless, plaintiff's failure to tender any substantive response on the issue of administrative exhaustion is construed as a confirmation of the complaint's explicit concession of non-exhaustion, and as non-opposition to the granting of the motion. Because plaintiff has been provided an opportunity to present any facts that would establish exhaustion or the futility of exhaustion, and has failed to do so, the motion should be granted.

V. Conclusion

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss, ECF No. 31, be granted; and

2. This action be dismissed without prejudice for failure to exhaust administrative remedies and for failure to prosecute.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to

////

////

////

////

1 appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

2 DATED: February 11, 2015

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE